IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN JAMES, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-25-00295-JD |
| COLLETTE PETERS, | ) |
| Respondent. | ) |

## ORDER

Before the Court is a Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Chris M. Stephens on April 28, 2025. [Doc. No. 6]. Judge Stephens recommends that the Court dismiss Petitioner Calvin James's action without prejudice because the Court lacks jurisdiction to grant Mr. James the relief he seeks under 28 U.S.C. § 2241. R. & R. at 2–6. Mr. James filed a timely objection. [Doc. No. 7]. Upon de novo review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court accepts the Report and Recommendation and dismisses this action without prejudice.

Mr. James filed this habeas petition under 28 U.S.C. § 2241. When he filed this action, Mr. James was in custody at FCI El Reno in El Reno, Oklahoma. [Doc. No. 1 at 1]. However, as Mr. James has indicated in other actions before the Court, and as the Court has confirmed via the Federal Bureau of Prisons' Inmate Locator, Mr. James is now housed at FCI Hazelton in Bruceton Mills, West Virginia. *See James v. FCI Jesup Warden*, No. CIV-25-00024-JD (W.D. Okla. Apr. 7, 2025), Doc. No. 14; *Inmate Locator*,

Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (BOP Register No. 22715-021) (last visited June 29, 2025);[1] *see also* [Doc. No. 7-1] (envelope of Mr. James's objection in this action indicating FCI Hazelton).

Judge Stephens screened Mr. James's petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts. *Cf. Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (noting that the rules apply to § 2241 petitions). Judge Stephens's R. & R. reasons that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." R. & R. at 2 (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). Further, the "proper respondent" to a § 2241 action "is 'the warden of the facility where the prisoner is being held,'" so "a district court may not grant habeas relief unless it has jurisdiction over the petitioner's custodian." *Id.* at 2–3 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). "[J]urisdiction over a petitioner's custodian 'lies in only one district: the district of confinement.'" *Id.* at 3 (quoting *Rumsfeld*, 542 U.S. at 443). Thus, the R. & R. concludes, Mr. James properly filed his petition in this district because he was in custody within this district at the time he filed. *Id.* at 2–3. But because he is now housed in West Virginia, the Court lacks jurisdiction over the warden of the facility where he is held, so the Court cannot grant him any relief under § 2241. *Id.* at 3.

As a result, Judge Stephens recommends dismissing this action. *Id.* at 4. The R. & R. notes that a district court lacking jurisdiction "has 'discretion in making a

---

[1] *See United States v. Muskett*, 970 F.3d 1233, 1237 n.4 (10th Cir. 2020) (taking judicial notice of inmate's status according to the Bureau of Prisons' Inmate Locator).

decision to transfer an action or instead to dismiss the action without prejudice," and transferring an action rather than dismissing it "is appropriate only 'if it is in the interest of justice.'" *Id.* at 4 (first quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006); and then quoting *Zani v. U.S. Marshals*, 351 F. App'x 299, 301 (10th Cir. 2009) (unpublished)). The R. & R. then lists a number of factors to determine whether to transfer or dismiss, including "finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* (quoting *Trujillo*, 465 F.3d at 1223 n.16 (citations omitted)). Considering these factors, the R. & R. concludes that the interests of justice do not demand the transfer of this action to the federal district with jurisdiction over the warden of FCI Hazelton. Although he assumes that the original action was filed in good faith, Judge Stephens notes that (1) there is no indication that a new action will be time barred as the petition was recently filed, (2) Mr. James has failed to cure the deficiencies in his motion seeking leave to proceed in forma pauperis as Judge Stephens previously ordered him to do, and (3) Mr. James alleges that he did not exhaust his administrative remedies. *Id.* at 4–5. Thus, Judge Stephens recommends dismissing this action without prejudice instead of transferring it.

  Mr. James filed a timely objection to the R. & R. [Doc. No. 7]. Mr. James's one-page objection states that because of his transfer to a new facility, some of his mail has not been properly forwarded, so he "never received notice to cure IFP in this claim." *Id.* at 1. Further, regarding the exhaustion of his administrative remedies, Mr. James argues

that the "court and inst[itution] neglect counts as prejudice and criminal oppression," so "further seeking of admin[istrative] remedy is futile." *Id.*

When a magistrate judge has entered a recommended disposition of a matter, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will . . . . preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995).

The Court has reviewed the record—including Judge Stephens's thorough, well-reasoned R. & R. and Mr. James's objection—de novo. Upon its review, the Court adopts Judge Stephens's recommendation in its entirety. Judge Stephens has "dealt with the issues fully and accurately," and the Court "could add little of value to that analysis." *Id.*

Nothing in Mr. James's objection leads the Court to find any error in Judge Stephens's analysis. Accepting as true that Mr. James has not received Judge Stephens's order to cure deficiencies [Doc. No. 5], Mr. James's failure to exhaust provides sufficient reason to conclude that this action is unlikely to succeed on the merits. *See* [Doc. No. 1 at

4

2–3][2] (alleging that he received "no response from executive staff on grievances" and that he did not further appeal because "institution did not docket or respond to grievances and region rejects grievance w/o seeking inst. remedy first"); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ."); *cf. Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) ("[A] court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." (citation omitted)). Mr. James's conclusory assertion that courts and correctional institutions "neglect counts as prejudice and criminal oppression" [Doc. No. 7 at 1] is not enough to show that exhaustion is futile. *Cf. Garza*, 596 F.3d at 1203 (describing futility as "[a] *narrow* exception to the exhaustion requirement" (emphasis added)). Thus, the Court agrees with Judge Stephens that a transfer is not in the interests of justice.

Therefore, the Court ACCEPTS the Report and Recommendation [Doc. No. 6] and DISMISSES this action without prejudice to refiling in the district with jurisdiction over Mr. James's current custodian. The Court DENIES as moot Mr. James's Motion to Proceed In Forma Pauperis [Doc. No. 2]. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED this 30th day of June 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court uses page numbers from the top of CM/ECF docket stamps.